## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-01921 |
| | ) | |
| v. | ) | |
| | ) | |
| BCI ACRYLIC, INC., | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |
| | ) | |

### COMPLAINT

Plaintiff, Marvin Alexander ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against BCI Acrylic, Inc.("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.   This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants race discrimination and retaliation under Title VII.

### JURISDICTION AND VENUE

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3.   Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4.   Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

5.      During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6.      All conditions precedent have been fulfilled or been complied with.

7.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9.      This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

10.      At all times material to the allegations of this Complaint, Plaintiff resides in Will County, Illinois.

11.      At all times material to the allegations in this Complaint, Defendant, BCI Acrylic, Inc. is a corporation doing business in and for Cook County, Illinois, whose address is 1800 Industrial Avenue, Libertyville, IL 60048.

12.      At all times relevant, Plaintiff was employed and worked at Defendant's location at 1800 Industrial Avenue, Libertyville, IL 60048.

## BACKGROUND FACTS

13.      Plaintiff began working for Defendant as a Band Saw Operator on or about November 2021 was promoted to a Quality Control Representative in or around late February or early March 2022.

14. Since at least January 2022 through the date of Plaintiff's stroke, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

15. Plaintiff has and continued to be subjected to discrimination on the basis of his race (African-American).

16. At all relevant times, Plaintiff was the only African-American employee in his department.

17. In or around January, 2022, and during Plaintiff's work shifts, Plaintiff would overhear his co-workers (Hispanic) would make racial and derogatory comments such using the term "N*gger.".

18. As Plaintiff's employment continued, the racial and derogatory comments grew worse.

19. The term, "N*gger," was openly made by Plaintiff's coworkers on a daily basis.

20. Because of the hostile work environment, Plaintiff began to suffer from mental anguish such as stress and anxiety when coming into work.

21. In or around April, 2022, Defendant directed me to be in multiple meetings with other employees.

22. Plaintiff was unable to communicate in the meetings because the entire meetings were communicated in Spanish.

23. Plaintiff reported this concern to the Defendant's Manager, Mr. Alan (LNU) (Hispanic).

24. Manager Alan stated to Plaintiff in response to my concern, "Well, I guess you need to learn Spanish then."

25.    During Plaintiff's employment, Manager Alan targeted Plaintiff on the basis of my race.

26.    Plaintiff was issued a pre-textual write up for walking away from a confrontation and not performing a job duty that required two or three employees to complete.

27.    Upon information and belief, Plaintiff was the only one issued a write up by Alan while other non-African-American employees were not issued write-ups for far worse conduct.

28.    On or around August 25, 2022 and while Plaintiff was in the restroom, an employee walked in and said "There is a n*gger in here."

29.    Plaintiff immediately reported the discriminatory conduct to Manager Alan and he advised Plaintiff that he had made a "report" regarding my complaints.

30.    Following Plaintiff's verbal complaint to Manager Alan, Plaintiff contacted the Defendant's Human Resources Representative, Ms. Lois Lloyd, to confirm that his complaints and concerns had been submitted on the report.

31.    No report and no investigation was ever conducted and Plaintiff's complaints were ultimately ignored.

32.    In or around September, 2022, Plaintiff again contacted Ms. Lloyd regarding his complaint of the discrimination Plaintiff was being subjected to.

33.    Following Plaintiff's discussion with Ms. Lloyd, Plaintiff was demoted from my position and was directed to work a less-favorable position than his Hispanic coworkers.

34.    Because of the discrimination and retaliation Plaintiff was being subjected to, Plaintiff suffered from a stroke.

35.    Defendant ignored and failed to investigate Plaintiff's complaints.

36.    Defendant demoted Plaintiff's position on the basis of his race and retaliated

against him by demoting his position for engaging in protected concerted activity, which caused Plaintiff to suffer from severe mental and physical anguish.

## COUNT I
### Race-Based Discrimination in Violation of 42 U.S.C. § 1981

37.     Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

38.     Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

39.     Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

40.     Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

41.     Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### Race-Based Discrimination

42.     Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

43.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

44.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

45.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

46.     By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

### COUNT III
**Violation of Title VII of The Civil Rights Act of 1964**
**Race-Based Harassment**

47.      Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

48.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his race (African-American), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

49.     Defendant knew or should have known of the harassment.

50.     The race harassment was severe or pervasive.

51.     The race harassment was offensive subjectively and objectively.

52.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her race (African-American).

53.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT IV
### Violation of Title VII of The Civil Rights Act of 1964
### Retaliation

54.     Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

55.     Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

56.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful race discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

57.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

58.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race discrimination.

59.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

60.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the race -based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

61.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

62.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation,

7

and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a.  Back pay with interest;

b.  Payment of interest on all back pay recoverable;

c.  Compensatory and punitive damages;

d.  Reasonable attorneys' fees and costs;

e.  Award pre-judgment interest if applicable; and

f.  Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 28th day of March, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148

8

Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*