## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARVIN ALEXANDER, | |
| Plaintiff, | Case No. 1:23-cv-01921 |
| v. | Judge John F. Kness |
| BCI ACRYLIC, INC., | Magistrate Judge Jeffrey Cole |
| Defendant. | |

### JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

I.  **Nature of the Case**

      A.  **Attorneys of Record**

| | |
|---|---|
| **Nathan C. Volheim, Esq.  (Lead)** | **Elliot S. Wiczer, Esq. (Lead)** |
| **Chad W. Eisenback, Esq.** | **Brian S. Feldman, Esq.** |
| Sulaiman Law Group, Ltd | Wiczer Sheldon & Jacobs, LLC |
| 2500 South Highland Ave., Suite 200 | 500 Skokie Blvd., Suite 325 |
| Lombard, IL 60148 | Northbrook, IL 60062 |
| (331) 307-7632 | (847) 849-4850 |
| nvolheim@sulaimanlaw.com | ewiczer@wsjlawfirm.com |
| ceisenback@sulaimanlaw.com | bfeldman@wsjlawfirm.com |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

      B.  **State the basis for federal jurisdiction.** If based on diversity, state the domicile of all parties. As a reminder, domicile is different from residence—the former is what counts for diversity purposes. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012).

If the basis of jurisdiction is diversity, please remember that a corporation is treated differently than an LLC/LLP. Please note two things: first, if a party is a corporation, counsel must identify its place of incorporation and its principal place of business; second, if a party is a partnership or a limited liability company, counsel must identify the name and domicile(s) of every partner or member of each such entity. *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d 691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Carden v. Arkoma Assoc.*, 494 U.S. 185 (7th Cir. 1990). If any partners or members are themselves partnerships or LLCs, the rule applies to their partners or members, too.

Plaintiff contends that this Court has subject matter jurisdiction over its Title VII claims pursuant to 28 U.S.C. §1331.

**C.      Provide a short overview of the case.** (Please be brief.)

Plaintiff began working for Defendant as a Band Saw Operator in November 2021 and was promoted to Quality Control Representative in or around late February or early March of 2022. Plaintiff alleges discrimination and harassment on the basis of his race (African-American), and for demoting him in retaliation for engaging in protected activity. Defendant has filed its answer denying any and all allegations of discrimination and retaliation.

**D.      Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") seeking redress for Defendant's race-based harassment and discrimination and for demoting Plaintiff on pretext in retaliation for engaging in protected activity under Title VII. Plaintiff alleges he was subjected to disparate treatment and a hostile work environment based on his race and that Defendant failed to take remedial action in response to his complaints.

Defendant filed its Answer to Plaintiff's Complaint on May 26, 2023 denying any and all allegations against Defendant that Defendant discriminated and/or retaliated against Plaintiff at any time and/or in any way.

**E.      What are the principal factual issues?** (Please be brief.)

During the course of his employment, Plaintiff claims that he was subjected to harassment, discrimination, and retaliation on the basis of his race from both coworkers and management. Plaintiff claims he met all job expectations. Plaintiff claims he suffered multiple adverse employment actions, including demotion in retaliation for complaining of the harassment and discrimination. Defendant denies that it discriminated and/or retaliated against Plaintiff at any time or in any way.

**F.**     **What are the principal legal issues?** (Please be brief.)

Plaintiff claims that he experienced harassment, discrimination and retaliation based upon his race during the course of his employment with Defendant. Defendant denies that it discriminated and/or retaliated against Plaintiff at any time or in any way.
 Therefore, the principal legal issue is whether Plaintiff can sustain a claim for harassment, discrimination, and retaliation under Title VII.

**G.**     **What relief is the plaintiff(s) seeking (money damages, injunctive relief, etc.)?**

Plaintiff seeks the following relief against Defendant pursuant to Counts of his claims against the Defendant: back pay with interest on all back pay recoverable for his lost income, compensatory damages for emotional pain and suffering, pre-judgement interest, punitive damages, reasonable attorney's fees and costs, and any other relief this Court may deem just and equitable.

**H.**     **Have all the defendants been served, or waived service of process?** If not, identify the defendants that have not received service.

Yes, Defendant has been served or waived service of process. On May 26, 2023, Defendant filed its Appearance and Answer through its counsel.

**II.**     **Case Scheduling and Discovery**

**A.**     **Proposed Discovery Schedule.** Fill in the blanks below*.* Also, submit a Word version of the proposed scheduling order to Judge Kness's proposed order inbox: Proposed_Order_Kness@ilnd.uscourts.gov.

The parties are reminded that, under Rule 16(b) of the *Federal Rules of Civil Procedure*, the Court is required to issue a scheduling order that includes "the time to join other parties, amend the pleadings, complete discovery, and file motions." **If the parties are unable to agree on proposed dates to govern the remainder of the case, or to present their competing proposals, the Court will set those dates as required by Rule 16 without input from the parties.** *See* **Fed. R. Civ. P. 16(b)(1).**

The parties are also reminded that the pendency of a dispositive motion, such as a motion to dismiss, **does not** automatically cause discovery to be stayed.

| Event | Deadline |
|---|---|
| Motions to Amend the Pleadings | August 25, 2023 |
| Service of process on any "John Does" | July 25, 2023 <br> [*60 days after the beginning of fact discovery*] |

| Completion of Fact Discovery | December 31, 2023 |
|---|---|
| Disclosure of Plaintiff's Expert Report(s) | January 31, 2024<br>[*Insert date one month after close of fact discovery*] |
| Deposition of Plaintiff's Expert | March 31,, 2024 |
| Disclosure of Defendant's Expert Report(s) | February 29, 2024 |
| Deposition of Defendant's Expert | April 30, 2024 |
| Dispositive Motions | May 31, 2024<br>[*Insert date one month after the close of expert discovery*] |

**B.** **How many depositions do the parties expect to take?** 4-6

**C.** **Do the parties foresee any special issues during discovery?** Not at this time.

**D.** **Proposed Discovery Plan pursuant to Rule 26(f)(2).** *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan, including all of the topics required by Rule 26(f)(3)? If so, do the parties propose anything?

If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Kness's proposed order inbox.

i. **Rule 26(a)(1) Disclosures Due:** June 30, 2023

ii. **Type of discovery needed**: The parties anticipate the need for written and oral fact discovery on Plaintiff's claims and Defendant's defenses.

iii. **ESI Discovery**: The parties anticipate that discovery will include ESI, have agreed to electronic service and production in native or pdf format and do not anticipate any issues regarding discovery or disclosure at this time.

iv. **Issues or agreements regarding claims of privilege or protection**: None at this time.

v. **Changes in limitations on discovery imposed by FRCP and local rules**: None at this time.

III. **Trial**

**A.** **Have any of the parties demanded a jury trial?** Yes, Plaintiff demands a jury trial.

**B.** **Estimate the length of trial:** 5 days.

4

**V.**     **Settlement, Referrals, and Consent**

     **A.**     **Have any settlement discussions taken place?** If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)

          Plaintiff made an initial demand in writing on March 28, 2023 and has not yet received a response.

     **B.**     **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

          Not at this time.

     **C.**     **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge** for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

          The parties have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge and unanimously consent to that procedure.

**IV.**     **Other**

     **A.**     **Is there anything else that the plaintiff(s) wants the Court to know?** (Please be brief.)

          Not at this time.

     **B.**     **Is there anything else that the defendant(s) wants the Court to know?** (Please be brief.)

          Not at this time.

Dated: May 26, 2023.

Respectfully Submitted,

| | |
|---|---|
| */s/Chad W. Eisenback, Esq.* | */s/Elliot S. Wiczer, Esq.* |
| **Chad W. Eisenback, Esq.** | **Elliot S. Wiczer, Esq.** |
| **Nathan C. Volheim, Esq.** | **Brian S. Feldman, Esq.** |
| Sulaiman Law Group, Ltd | Wiczer Sheldon & Jacobs, LLC |
| 2500 South Highland Ave., Suite 200 | 500 Skokie Blvd., Suite. 325 |
| Lombard, IL 60148 | Northbrook, IL 60062 |
| (331) 307-7632 | (847) 849-4850 |

nvolheim@sulaimanlaw.com
ceisenback@sulaimanlaw.com
*Counsel for Plaintiff*

ewiczer@wsjlawfirm.com
bfeldman@wsjlawfirm.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of May, 2023, a true and correct copy foregoing

has been provided via electronic mail and/or via U.S. mail to following:

Elliot S. Wiczer, Esq.
Brian S. Feldman, Esq.
Wiczer,Sheldon & Jacobs, LLC
500 Skokie Blvd., Ste. 325
Northbrook, IL 60062
(847) 849-4850
ewiczer@wsjlawfirm.com
bfeldman@wsjlawfirm.com
*Counsel for Defendant*

/s/ *Chad W. Eisenback, Esq.*
**Chad W. Eisenback, Esq.**